# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MHAMMAD ABU-SHAWISH,**
        **Plaintiff,**

     v.                                              Case No. 10-C-0473

**UNITED STATES OF AMERICA, et al.,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff Mhammed Abu-Shawish, proceeding pro se, has filed a complaint against the United States and twenty-four individual defendants. He brings his claims against the United States pursuant to the Federal Tort Claims Act and his claims against the individual defendants in their individual capacities pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In this decision and order, I address several motions that the parties have filed over the last few months. <u>See</u> ECF Nos. 41, 42, 45, 48, 51, 57 & 59. For background information about this case, the reader may refer to my decision and order of August 22, 2011. <u>See</u> ECF No. 38.

**A.**     **Individual Defendants' Motion to Dismiss for Insufficient Service of Process**

The individual defendants contend that plaintiff has not properly served them, that the time for doing so has expired, and that therefore they must be dismissed from the case. Under Federal Rule of Civil Procedure 4(i)(3), a plaintiff who sues an officer or employee of the United States in his or her individual capacity must serve the United States and also serve the officer or employee under (as is relevant here) Rule 4(e). Plaintiff has served the United States, and so the question is whether he also served the individual defendants

pursuant to Rule 4(e). Under Rule 4(e), plaintiff could have properly served the individual defendants by either: (1) following the law governing service of process in either the state where the district court is located (Wisconsin) or the state where service is made (which for some of the individual defendants is Illinois); (2) delivering copies of the summons and complaint to the individual defendants personally; (3) leaving copies at each individual defendant's "dwelling or usual place of abode" with someone of suitable age and discretion who resides there; or (4) delivering copes to an agent authorized by appointment or by law to receive service of process.

In the present case, plaintiff tried to serve the individual defendants using three different methods: delivery by certified mail, personal service by a process server, and publication. Plaintiff's process server did not successfully serve any defendant, and so the question is whether either service by certified mail or service by publication counts as proper service under Rule 4(e)(2) or applicable state law.

1. **Certified Mail**

Although certified mail is not mentioned as an approved method of service under Rule 4(e)(2) or applicable state law, plaintiff contends that it qualifies as proper service under Rule 4(e)(2)(B) (abode service) and Rule 4(e)(2)(C) (service on an authorized agent) and their state-law analogues. With respect to abode service, plaintiff contends that delivery by certified mail counts as personal delivery by the mailman to the person's place of abode. However, plaintiff sent the summons and complaint by certified mail to the individual defendants' places of employment rather than their homes or residences. It is well-established that "dwelling or usual place of abode" does not include place of

2

employment. See Scherer v. United States, 241 F. Supp. 2d 1270, 1282 (D. Kan. 2003); Boateng v. Inter American Univ., 188 F.R.D. 26, 28 (D.P.R. 1999); 4A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1096 at n. 11 (3d ed. 2002) (stating that defendant's place of employment will not qualify as a dwelling or place of abode). So plaintiff's use of certified mail did not result in proper abode service.

With respect to authorized-agent service, plaintiff contends that it can be inferred from the fact that the certified mail was not refused that the persons who signed for the mail were authorized to accept service on behalf of the respective defendants. However, no such inference can be drawn. For service on an authorized agent to be proper, the agent must have actual authority to accept service of process. See 4A Wright & Miller, supra, § 1097. The fact that someone signed for a piece of mail on behalf of another says nothing about whether that person was authorized to accept service of process on the other person's behalf. The person would not even know that the mail contained a summons until after it was opened, and by that point it would be too late to refuse to sign for the mail. So the mere fact that the certified mail was accepted does not establish or even suggest that the person who accepted the mail was authorized to accept service of process.

Plaintiff also states that "[t]he court should determine if the person who received [the] summons was authorized to accept service for defendant." (Pl.'s Resp. 8, ECF No. 47.) However, it is plaintiff's burden to prove that service was effective, Cardenas v. City of Chicago, 646 F.3d 1001, 1005 (7th Cir. 2011), and this means that plaintiff must produce evidence showing that the agent was authorized to accept service on the defendant's behalf, see id. at 1006. Here, the plaintiff has produced no evidence showing

that any of the various persons who signed for the certified mail on behalf of the individual defendants was authorized to accept service of process, and so he cannot carry his burden.

Accordingly, plaintiff's use of certified mail did not result in proper service of any individual defendant.

**2.     Publication**

Plaintiff contends that he properly served the individual defendants by publishing notice in the Milwaukee Journal Sentinel and also in a Chicago-area newspaper on October 4, 2010, the last day on which service of process could have been timely. He contends that this was proper service under Wis. Stat. § 801.11(1)(c) and Illinois law.

Wisconsin Stat. § 801.11(1)(c) provides in relevant part that if a plaintiff cannot with reasonable diligence serve a defendant by other means, service may be made by publication of the summons as a class-three notice under Chapter 985 of the Wisconsin Statutes. The individual defendants contend that plaintiff did not exercise reasonable diligence in attempting to serve them by other means, and that therefore he was not entitled to resort to service by publication. However, even if plaintiff had exercised reasonable diligence and was entitled to resort to service by publication, he did not follow the procedural requirements for making service by publication because he did not publish a class-three notice under Chapter 985. A class-three notice requires three "insertions." See Wis. Stat. § 985.07(3)(a). This means that plaintiff was required to publish the summons once each week for three consecutive weeks. See Wis. Stat. § 985.01(1m).

4

However, plaintiff published the summons only once, on October 4, 2010, and so he did not serve the individual defendants in accordance with § 801.11(1)(c).

Plaintiff contends that even if service by publication was not properly made under Wisconsin law, it was properly made under Illinois law, the place where some of the defendants reside or work. However, Illinois law does not allow service by publication unless the basis for jurisdiction is in rem or quasi-in rem—such as in actions involving real estate or dissolution of a marriage. See 735 ILCS 5/2-206; Lain v. John Hancock Mut. Life Ins. Co., 398 N.E.2d 278, 287 (Ill. Ct. App. 1979); 3 Richard A. Michael & Michael J. Kaufman, Illinois Practice Series § 9.12 (Westlaw through 2011 update). The basis for jurisdiction in the present case is not in rem or quasi-in rem, and therefore the individual defendants were not properly served by publication under Illinois law.[1]

Accordingly, plaintiff did not properly serve any defendant by publication.

### 3. Consequence of Failure to Serve Individual Defendants

In a prior order, a deadline of October 4, 2010 was established for plaintiff to complete service of process on the defendants. See Order of Sept. 28, 2010, ECF No. 12. Because all of plaintiff's attempts at service before that date were unsuccessful, plaintiff has not served any of the individual defendants within the time limit set by Federal Rule of Civil Procedure 4(m). Moreover, plaintiff has not requested that he be granted additional time to serve the individual defendants. Rather, at an earlier point in this case—after counsel for the United States informed the plaintiff that he believed that plaintiff's attempts

---

[1]Plaintiff notes that he complied with 715 ILCS 5/0.01 et seq. However, those statutes only prescribe the procedures that must be followed when notice is permitted to be given by publication; they do not authorize service by publication in the first place.

5

at service were ineffective—plaintiff expressly stated that he did not want additional time to complete service because he believed that he had already successfully done so. (Pl's Reply in Support of Request for Entry of Default at 2, ECF No. 25.) In any event, plaintiff has not shown good cause for failing to complete service by October 4, 2010, and so I will not extend the time for service.

The net result of plaintiff's failure to serve the individual defendants is that they must be dismissed from this case. Normally, a dismissal for failure to serve is without prejudice, see Fed. R. Civ. P. 4(m), but the individual defendants request that the dismissal be with prejudice on the ground that plaintiff's failure to serve them during the nearly two years that this case has been pending reflects lack of prosecution. See Powell v. Starwalt, 866 F.2d 964, 966 (7th Cir. 1989) (noting, in dicta, that where the delay in serving a defendant is so long that it signifies lack of prosecution, dismissal for failure to serve can be with prejudice). However, plaintiff has been diligently prosecuting this action since it began. What the court in Powell seems to have had in mind is a situation in which the plaintiff files a lawsuit and then makes no attempt to serve the defendant for months or longer. In that situation, the court can conclude that the plaintiff has abandoned the action and dismiss it with prejudice for lack of prosecution. In the present case, the plaintiff has made several prompt attempts at service and has been actively engaged in the extensive motion practice that has characterized this case so far. No reasonable person could conclude that plaintiff has been dilatory in prosecuting this case. Thus, the ordinary consequence of failing to timely serve a defendant—dismissal without prejudice—will be imposed.

**B.    Plaintiff's Motion to Order the Clerk of Court to Enter the Individual Defendants' Default**

Because the individual defendants were never properly served with process, they are not in default. Therefore, plaintiff's motion to order the Clerk of Court to enter their default will be denied.

**C.    Individual Defendants' Motion to Dismiss Under Rule 12(b)(6) and Related Motions**

In addition to moving to dismiss for insufficient service of process, several of the individual defendants have moved to dismiss the complaint against them on the ground that it fails to state a claim on which relief may be granted. See Fed. R. Civ. P. 12(b)(6). However, because the relevant defendants have already been dismissed for insufficient service, their motion to dismiss for failure to state a claim (and their related motions to amend their motion to dismiss and strike plaintiff's oversized brief) will be denied as moot.

**D.    Plaintiff's Motion to Alter/Amend August 22, 2011 Order**

On August 22, 2011, I issued an order in which I granted-in-part and denied-in-part the United States's motion to dismiss under Rule 12(b)(6). See ECF No. 38. Plaintiff has filed a motion to alter or amend that order to clarify whether certain claims have been dismissed. However, my first order speaks for itself, and I will not offer further clarification at this time. Therefore, the motion to alter or amend will be denied.

**E.    United States's Motion to Stay Proceedings**

On August 29, 2011, the United States asked that proceedings related to plaintiff's claims against it be stayed pending resolution of the individual defendants' motions to dismiss. Because those motions have been resolved, the motion to stay is essentially moot. However, to make clear that I agree that a stay was appropriate pending resolution

of those motions, I will grant the motion to stay. However, as of the date of this order, the stay is no longer in effect.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the individual defendants' motion to dismiss for insufficient service of process [ECF No. 42] is **GRANTED** to the extent that the claims against the individual defendants are dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to order the Clerk of Court to enter the individual defendants' default [ECF No. 48] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion of certain individual defendants to dismiss for failure to state a claim [ECF No. 51], their motion to amend the motion to dismiss [ECF No. 57], and their motion to strike plaintiff's oversize brief [ECF No. 59] are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to alter/amend the order of August 22, 2011 [ECF No. 45] is **DENIED**.

**FINALLY, IT IS ORDERED** that the United States's motion to stay proceedings [ECF No. 41] is **GRANTED** to the extent that the claims against the United States are deemed to have been stayed between August 29, 2011 and the date of this order.

Dated at Milwaukee, Wisconsin, this 27th day of February 2012.

s/_____
LYNN ADELMAN
District Judge