# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

December 30, 2013

To:   Jon W. Sanfilippo
      UNITED STATES DISTRICT COURT
      Eastern District of Wisconsin
      Milwaukee , WI 53202-0000

| No.: 13-1419 | MHAMMAD ABU-SHAWISH,<br> Plaintiff - Appellant<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br> Defendants - Appellees |
|---|---|
| **Originating Case Information:** | |
| District Court No: 2:10-cv-00473-LA<br>Eastern District of Wisconsin<br>District Judge Lynn Adelman | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:            No record to be returned

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are

to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

------------------------------------

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                        **Received by:**

```
  12/30/13                                              /s/ Lisa M Teran
_____                     _____
```

form name: **c7_Mandate**(form ID: **135**)

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2013[*]
Decided November 5, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-1419

| | |
|---|---|
| MHAMMAD ABU-SHAWISH, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 10-C-0473 |
| UNITED STATES OF AMERICA, et al., *Defendants-Appellees*. | Lynn Adelman, *Judge*. |

### O R D E R

Mhammad Abu-Shawish appeals the dismissal of his lawsuit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 to 2680, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that the United States and federal employees maliciously prosecuted him three times for fraud-related offenses as punishment for his refusal to cooperate in a federal investigation. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

No. 13-1419 Page 2

  We assume familiarity with the facts underlying the first two prosecutions for fraud, as set forth in *United States v. Abu-Shawish*, 175 F. App'x 41 (7th Cir. 2006), and *United States v. Abu-Shawish*, 507 F.3d 550 (7th Cir. 2007). Abu-Shawish, a permanent resident from Jordan, organized an Arabian cultural festival in Milwaukee beginning in the late 1990s, and his festival underwent a federal investigation in 2002. Federal agents believed that a U.S. embassy official in Jordan was issuing fraudulent visas to Jordanian citizens who purchased invitations to perform at Abu-Shawish's festival. Abu-Shawish was arrested in 2003 and charged with both visa fraud and federal-program fraud for misapplying a federal grant by submitting a plagiarized redevelopment plan. *See* 18 U.S.C. § 666(a). Federal prosecutors eventually dismissed the visa-fraud charges and in 2004 began an unrelated prosecution of mortgage fraud. We upheld the mortgage-fraud conviction, *Abu-Shawish*, 175 F. App'x at 44, but vacated the federal-program conviction, concluding that Abu-Shawish had been charged with the wrong type of fraud because he was not an agent of the organization he had defrauded (an element of federal-program fraud), *Abu-Shawish*, 507 F.3d at 558. We noted, however, that he likely could have been charged with mail or wire fraud, "since he used both the mail and telephone as a part of his fraudulent scheme." *Id.* The government then indicted Abu-Shawish for mail fraud, *see* 18 U.S.C. § 1341, though he was acquitted by a jury in 2008. Believing that the government had acted unlawfully during the investigation and prosecutions, Abu-Shawish submitted in June 2009 a Notice of Tort Claim, a prerequisite for bringing a claim under the FTCA. 28 U.S.C. § 2401(b).

  After exhausting his administrative remedies, Abu-Shawish filed a federal complaint listing 10 tort claims against the United States (he focuses on malicious prosecution and abuse of process), as well as 7 *Bivens* claims (among them racial discrimination, false arrest, and conspiracy claims) against 21 federal employees and 3 government contractors. Underlying all of his claims is the premise that the three fraud prosecutions—for federal-program, mortgage, and mail fraud—lacked probable cause. Abu-Shawish speculated that the prosecutions were an effort to force him to cooperate in a federal investigation. He alleged that federal agents initially sought his cooperation in the visa-fraud investigation, but then arrested and prosecuted him, despite his denials of any wrongdoing, as punishment for not turning state's evidence against the embassy employee.

  On the government's motion, the district court dismissed the abuse-of-process claims related to the first two prosecutions as untimely. The court explained that his claims had accrued more than two years before June 2009 (the date he filed an administrative notice). *See* 28 U.S.C. § 2401(b). Abu-Shawish had listed the dates for the

federal-program and mortgage-fraud cases in his allegations, and all process occurred outside the two-year limitations period. The court rejected Abu-Shawish's assertion that the claims could be equitably tolled as continuing violations; the court noted that each allegedly abusive process started a new clock. The claim of malicious prosecution concerning the federal-program fraud was timely, however, because it was not resolved in his favor until our decision in November 2007, within the limitations period.

Several months later the court dismissed more claims, this time for lack of service. On the government's motion, the court dismissed without prejudice the *Bivens* claims against the individual federal defendants, noting that certified mail sent to a person's place of employment is not proper service. *See* FED. R. CIV. P. 4(e); WIS. STAT. § 801.11(1)(b). And Abu-Shawish's attempt to serve notice by publication was equally ineffective, the court ruled, because a single publication does not satisfy the requirement of three weeks' service by publication. *See* WIS. STAT. §§ 801.11(1)(c), 985.07(3)(a).

Abu-Shawish then sought leave to amend his complaint in order to reinstate most of his original claims, including those dismissed as untimely as well as six *Bivens* claims, but the court denied his motion as futile and dismissed all of the remaining claims for failure to state a claim. With respect to the *Bivens* claims, the court concluded that Abu-Shawish had not plausibly alleged how the individual defendants violated any of his rights. And concerning the claims against the United States, the court ruled that Abu-Shawish's factual allegations did not suggest that the government lacked probable cause to prosecute him. Abu-Shawish alleged that he had provided the agents with evidence of his innocence (such as evidence that he invited legitimate performers), but the court determined that his allegations did not suggest that the federal investigators acted maliciously by relying instead on other evidence gathered during the year-long investigation—primarily Department of State records, interviews with past performers who had overstayed their visas, and the festival's budget documents. Concluding that Abu-Shawish had not pleaded his claims above a speculative level, the court dismissed the remaining claims against the United States.

Abu-Shawish asked the court to reconsider its dismissal, asserting that the court had overlooked his allegations about the probable-cause affidavit and adding details to flesh out those allegations. Abu-Shawish said that the statements in the affidavit about the festival's budget and airfare costs were intentionally misleading: the agent wrote in the probable-cause affidavit that Abu-Shawish budgeted only $300 for transportation, yet promised to pay for the performers' round-trip airfare, which the agent estimated as

No. 13-1419 Page 4

costing up to $6,000 per person. But, Abu-Shawish alleges, the budget line item covered only *ground* transportation, the festival did not cover all performers' round-trip airfare, and the agent had overestimated greatly the cost of airfare (which could cost less than $600). The district court summarily denied the motion to reconsider.

On appeal, Abu-Shawish contends that the district court erred in dismissing his claim of malicious prosecution. He asserts that his allegations of misleading statements in the 2003 probable-cause affidavit sufficiently stated a claim for relief. But the court correctly determined that none of Abu-Shawish's factual allegations suggests that the federal agents lacked probable cause. Abu-Shawish did not allege that agents fabricated the evidence that led a jury to convict him of federal-program fraud, and that conviction in the trial court provides "conclusive evidence of the existence of probable cause." *Krieg v. Dayton-Hudson Corp.*, 311 N.W.2d 641, 644 (Wis. 1981). Indeed, even though we vacated his conviction on other grounds, we noted that "[w]ithout question, the indictment properly alleged and the evidence was sufficient to show that Abu-Shawish defrauded the City of Milwaukee." *Abu-Shawish*, 507 F.3d at 558.

Abu-Shawish next challenges the district court's conclusion that he was not entitled to equitable tolling for "continuing violations" that, he says, started during the first two prosecutions but did not end until his acquittal in 2008. But the court correctly concluded that although the initial 2003 investigation prompted the prosecutions, the continuation of an *injury* does not toll the period of limitations—each independently unlawful act starts a new clock. *See Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801–02 (7th Cir. 2008). Abu-Shawish's first two trials ended by June 2005 (two years outside the limitations period), so the district court properly concluded that the clock had run out.

Finally Abu-Shawish generally contends that the district court improperly dismissed his *Bivens* actions for lack of service and then erred in not granting him leave to amend his complaint to reinstate these claims. But Abu-Shawish has not addressed the court's explanation for why the service was improper—the court correctly noted that a person's place of employment is not an "abode." FED. R. CIV. P. 4(e); WIS. STAT. § 801.11(1)(b). And although Abu-Shawish is correct that leave to amend should be granted liberally, a district court does not abuse its discretion by declining to permit futile amendments. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Here the court properly determined that Abu-Shawish's proposed amendments failed to state a claim; the allegations do not suggest how the individual defendants violated his constitutional rights and refer generally only to "defendants" (among them government attorneys, FBI

No. 13-1419 Page 5

agents, and Department of State employees) without tying specific defendants to allegations of unconstitutional conduct. The defendants thus lacked notice about what exactly they might have done to violate Abu-Shawish's rights. *See Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (*Bivens* claim stated where "there is no genuine uncertainty regarding who is responsible for what"). And the behavior that Abu-Shawish has alleged—an extensive investigation resulting in three prosecutions against him—is as consistent with lawful conduct as it is with wrongdoing and therefore fails to suggest a plausible factual basis for his legal conclusions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009).

We have reviewed Abu-Shawish's remaining contentions, and all lack merit.

AFFIRMED.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**

## FINAL JUDGMENT

November 5, 2013

Before:    FRANK H. EASTERBROOK, Circuit Judge

MICHAEL S. KANNE, Circuit Judge

ANN CLAIRE WILLIAMS, Circuit Judge

| No.: 13-1419 | MHAMMAD ABU-SHAWISH,<br> Plaintiff - Appellant<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br> Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 2:10-cv-00473-LA<br>Eastern District of Wisconsin<br>District Judge Lynn Adelman ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.